NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0551n.06

No. 14-6296

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FINANCIAL STRATEGY GROUP, PLC, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Aug 04, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CONTINENTAL CASUALTY COMPANY, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: BOGGS and KETHLEDGE, Circuit Judges; BLACK, District Judge.[*]

KETHLEDGE, Circuit Judge. Financial Strategy Group ("FSG") argues that Continental Casualty Company breached its insurance policy when it refused to defend or indemnify FSG in two state-court lawsuits. The district court dismissed this action for failure to state a claim. We affirm.

FSG prepares tax returns for clients. In 2008, FSG bought professional-liability insurance from Continental. The insurance policy said that Continental would defend FSG against claims arising from its tax-preparation services and, if necessary, pay the claims. But the policy excluded claims "based on, arising out of or in connection with the design, recommendation, referral, sale or promotion" of illegal tax shelters.

---

[*] The Honorable Timothy S. Black, U.S. District Judge for the Southern District of Ohio, sitting by designation.

Soon thereafter, two groups of former clients—the Lowry clients and the Kahn clients—sued FSG for malpractice, fraud, and other claims. The Lowry clients alleged that FSG had conspired with other financial, tax, and legal advisors to develop, promote, sell, and implement "investment strategies" that the IRS later determined were illegal tax shelters. The Lowry clients further alleged that, in 2000, financial and tax advisors at BDO Seidman convinced the Lowry clients to buy and sell distressed debt in a multi-step process that would reduce their tax bills. The Lowry clients used this shelter from 2001 to 2005, forming a limited-liability company for that purpose. For the 2001 tax year, BDO Seidman helped the Lowry clients prepare the tax return for the LLC. For 2002 and 2003 tax years, however, FSG prepared the LLC's returns, which the Lowry clients then used to prepare their individual returns. The preparation of the returns was the final step in implementing the illegal tax shelters; and for its services FSG received substantial fees.

Similarly, the Kahn clients alleged that FSG had conspired with financial, tax, and legal advisors to develop, promote, sell, and implement illegal tax shelters. Like the Lowry clients, the Kahn clients used a multi-step process to buy and sell distressed debt in hopes of reducing their tax bill. But this process too was an illegal tax shelter. As with the Lowry clients, for the 2002 and 2003 tax years, FSG prepared tax returns for a limited-liability company used to hold the distressed debt, and the Kahn clients prepared their individual returns based on the LLC's returns.

Upon receipt of these complaints, FSG filed insurance claims with Continental. Continental denied the claims, stating that the policy's exclusion for tax shelters relieved Continental of any duty to defend or indemnify FSG. FSG then sued for breach of the policy

agreement. The district court dismissed the lawsuit for failure to state a claim. We review that decision de novo. *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012).

The parties agree that Tennessee law applies. To determine whether an insurer must defend a policyholder against a lawsuit, we examine the complaint in that lawsuit. *Forrest Const., Inc. v. Cincinnati Ins. Co.*, 703 F.3d 359, 363 (6th Cir. 2013) (applying Tennessee law). If the complaint contains a single claim for which the policy provides coverage, then the insurer must defend the policyholder against the entire lawsuit. *Id.* We resolve in the policyholder's favor any doubts about whether the policy provides coverage. *Travelers Indem. Co. of Am. v. Moore & Associates, Inc.*, 216 S.W.3d 302, 305 (Tenn. 2007).

Continental's policy covers claims based on FSG's preparation of taxes, which is part of the conduct alleged in the Lowry and Kahn complaints. But the policy excludes claims "based on, arising out of or in connection with the design, recommendation, referral, sale or promotion" of illegal tax shelters. FSG argues that it did not design, recommend, or sell illegal tax shelters because FSG prepared tax returns for the LLCs after the shelters had been designed, marketed, and sold. But a "recommendation" is a piece of advice or a suggestion of how to do something. Oxford English Dictionary (3d ed. 2009). And the Lowry and Kahn clients alleged that FSG "advised" them that they "could properly" claim losses from the illegal tax shelters. Moreover, FSG's act of including a proposed loss on a tax return was itself a suggestion to claim the loss. Thus, regardless of when the shelters here were sold, FSG's actions in preparing the LLCs' returns amounted to a recommendation to proceed with them.

FSG responds that the Kahn and Lowry complaints contain at least some claims to which the exclusion does not apply. For example, FSG says, the Kahn complaint describes four types of conduct that the policy would cover. First, the Kahn complaint alleges that FSG injured the

Kahn clients by "[a]dvising, instructing, and assisting in the preparation of the [Kahn clients'] tax returns"—which FSG contends that the policy covers. Appellant's Br. 23. But the Kahn complaint more specifically alleges that FSG instructed the Kahn clients to use illegal tax shelters, that FSG advised the Kahn clients that the shelters were legal, and that FSG proposed tax returns that claimed losses from the shelters. Kahn Complaint ¶¶ 29, 67-69. That conduct amounts to the recommendation of illegal tax shelters, so the exclusion applies to it.

Second, the Kahn complaint alleges that FSG signed the Kahn clients' tax returns, and "advis[ed]" the Kahn clients "to sign and file the tax returns[.]" Appellant's Br. 23. As discussed above, however, that advice amounts to a recommendation to proceed with the tax strategies on the return—which is what FSG did as to illegal tax shelters. Thus, FSG recommended illegal tax shelters when it signed tax returns and advised the Kahn clients to file them, which means the exclusion applies.

Third, the Kahn complaint alleges that FSG "[a]dvis[ed]" the Kahn clients "that their tax returns . . . were prepared in accordance with professional standards and pursuant to the IRS guidelines and established legal authorities"—which again FSG contends the policy covers. Appellant's Br. 23. But FSG's advice to the Kahn clients that their tax returns were prepared in accordance with the applicable laws constituted advice that the tax shelters were legal—which again amounts to a recommendation to proceed with illegal tax shelters. So the policy excludes coverage for that advice.

Fourth, the Kahn complaint alleges that FSG failed "to advise" the Kahn clients that the tax strategies used on their returns "did not comply with the applicable tax laws"—an omission that FSG contends is not a recommendation. Appellant's Br. 23. But the Kahn complaint did not allege merely that FSG had failed to act. Rather, the Kahn complaint alleged that FSG said

that the tax shelters were legal and then failed to retract that advice. Kahn Complaint ¶¶ 71-72. In context, therefore, the allegation that FSG failed to disclose certain information is no different from the allegation that FSG recommended illegal tax shelters. Thus, the exclusion applies.

Finally, FSG argues that the Tennessee-law doctrine of "concurrent causation" requires coverage here. That doctrine mandates coverage if two causes—one covered by the policy and another excluded by the policy—both contribute to a loss. *Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 886-87 (Tenn. 1991). Here, FSG contends that the Lowry and Kahn complaints allege that the Lowry and Kahn clients were injured by two distinct causes: first, the design, recommendation, or sale of illegal tax shelters (which the policy excludes); and second, the preparation of tax returns (which the policy covers). Appellant's Br. 25. But here that distinction is illusory. The Lowry and Kahn complaints allege that FSG injured the Lowry and Kahn clients through tax-preparation activities that, as shown above, amount to the recommendation of illegal tax shelters. The concurrent-causation doctrine therefore does not apply.

The district court's judgment is affirmed.